**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:12-cv-113-RJC**

| | | |
|---|---|---|
| **DENNIS ROGER VANDYKE,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | |
| | **)** | **ORDER** |
| **CHRIS FRANCIS, et al.,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |
| | **)** | |

**THIS MATTER** is before the Court upon review of Plaintiff's Application to Proceed

Without Prepayment of Fees or Costs, (Doc. No. 1-5), and initial review Plaintiff's Complaint

filed under 42 U.S.C. § 1983. (Doc. No. 1). The Court has examined Plaintiff's Application to

Proceed Without Prepayment of Fees or Costs and concludes that he does not have sufficient

resources to proceed at this time, and his Application will therefore be granted for the limited

purpose of this initial review. (Doc. No. 1-5).

Pursuant to 28 U.S.C. § 1915A(a), the "court shall review . . . a complaint in a civil

action in which a prisoner seeks redress from a governmental entity or employee of a

governmental entity." Following this initial review, the "court shall identify cognizable claims or

dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim

for relief." Id. § 1915A(b)(1). For the reasons that follow, Plaintiff's Complaint will be

dismissed for failure to state a claim.

**I.     BACKGROUND**

Plaintiff is incarcerated in the Rutherford County Jail within the Western District of

North Carolina, and is currently awaiting trial on ten (10) state charges. In his Complaint,

Plaintiff contends that he had previously been charged in 2004 with some or all of these pending

offenses and that he already served active time in jail on those charges. Plaintiff claims that he is

being falsely imprisoned and that his right to be free from double jeopardy is being violated.

Plaintiff seeks immediate release from jail, and monetary damages in the amount of $3,000 per

day from January 4, 2012, the date on which he was apparently arrested on the pending charges,

until the date of his release. (Doc. No. 1 at 7).

　　　Specifically, Plaintiff alleges in his Complaint the following. Defendant Chris Francis is

currently Sheriff of Rutherford County. In 2004, Francis worked as a patrol officer and

according to the Complaint, Plaintiff was arrested in 2004 for shooting at Francis. (Id.). Plaintiff

states he served over 100 months of active time based on the alleged assault and other charges.

(Id. at 8).  In late 2011, or early 2012, Plaintiff alleges that one or more of the defendants

conspired to renew the 2004 charges and that he is now being falsely imprisoned on some or all

of these old charges. Plaintiff made a court appearance on April 26, 2012, and believed that he

would be released on that date. (Id. at 8-9). Plaintiff was not, however, released and according to

his Complaint, the state charges are still pending.[1]

　　　Plaintiff's Complaint also raises a claim of inadequate medical care. (Id. at 7-8). Plaintiff

contends that he has been diagnosed with paranoid schizophrenia, bipolar disorder, and massive

depression, (id. at 7), and that Rutherford County Detention Center is only providing him with 2

of his 3 prescribed medications. Plaintiff contends that the Rutherford County Detention Center

---

[1]The Court notes that there are ten (10) charges pending against a defendant named
Dennis Roger Vandyke in Rutherford County which are calendared for court on June 25, 2012.
See
http://www1.aoc.state.nc.us/www/calendars.Officer.do?index=Next+25&start=0&navindex=0&
agency=&defname=vandyke

is neglecting him as only 20 percent of his mental health needs are receiving adequate treatment. (Id.). Plaintiff alleges that this medical neglect is endangering his life. (Id. at 8).

## II.      LEGAL STANDARD

Section 1983 provides a remedy where a person acting under color of state law deprives someone of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107-08, n.4 (1989) ("A claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff ."). A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.3d 387 (4th Cir.1990).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is not necessary that Plaintiff allege exhaustive, "detailed factual allegations," but [Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555).

**III.     DISCUSSION**

Plaintiff's Complaint raises claims challenging his current incarceration as he awaits disposition of the pending states charges filed against him. Plaintiff seeks immediate release and an award of monetary damages as compensation for his incarceration. Plaintiff's Complaint also raises a claim of inadequate medical care.

**A.     Habeas Claims**

Plaintiff's claims challenging the fact or duration of his current confinement are not proper claims for litigation in a Section 1983 action. See generally  Heck v. Humphrey, 512 U.S. 477 (1994); Preiser v. Rodriguez, 411 U.S. 475 (1973). In Preiser, the Supreme Court held that an action for habeas corpus is the exclusive remedy for a state prisoner raising a challenge to the fact or duration of his confinement and who seeks immediate or earlier release. The Court in Preiser found that the petitioner's action was for release from custody which was in fact an application for habeas corpus. The Court explained that an order releasing a prisoner from custody "is not an available remedy under the Civil Rights Act." 411 U.S. at 479 (quoting Peinado v. Adult Auth. of Dept. of Corr., 405 F.2d 1186, 1186 (9th Cir.), cert. denied, 395 U.S. 968 (1969)).

In the present case, Plaintiff's action seeks, in part, immediate release from custody. Plaintiff's Complaint, taken as true, establishes that he is incarcerated awaiting disposition of ten (10) state charges. Plaintiff cannot obtain the relief he is seeking in this § 1983 action, that is, immediate release, and his claim challenging his detention must be dismissed.

**B.     Monetary Damages**

Plaintiff's claim for monetary damages must also be dismissed. In Heck v. Humphrey, the Supreme Court examined a case in which a petitioner raised a claim for monetary damages.

4

The Heck Court concluded that in order to recover damages for allegedly unconstitutional imprisonment, a plaintiff in a Section 1983 case must prove that the conviction or sentence has been: (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal, or (4) called into question by a federal court's issuance of a Section 2254 writ of habeas corpus. Heck, 512 U.S. at 486-87. The Supreme Court instructed that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in plaintiff's favor would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

Plaintiff has made no showing under Heck regarding any previous challenges he may have raised to the 2004 charges or his confinement. In his Complaint, Plaintiff maintains that he served time in 2004 for the charges which are now pending against him. According to his Complaint, Plaintiff's current confinement is illegal and violates double jeopardy because he has already served his time on those charges.

Plaintiff's Complaint is challenging the current validity of the charges pending against him on the basis of double jeopardy. See Westpoint v. Wilson, 2011 WL 3490085 at *2 (D.S.C. July 19, 2011) ("[I]nsofar as the plaintiff's pre-trial detention and pre-trial proceedings are concerned, the § 1983 complaint is subject to summary dismissal because a right of action with respect to the plaintiff's detention and pending criminal proceedings has not yet accrued.") (citing Heck, 512 U.S. 477); (Nelson v. Murphy, 44 F.3d 497 (7th Cir. 1995) ("[A]n inmate already participating in state litigation must make his stand there rather than attempt the equivalent of federal-defense removal by filing an independent § 1983 suit."). Plaintiff's claim of illegal confinement and double jeopardy must be raised in the first instance before the state

5

court. There is no indication that Plaintiff has raised any such challenges before the state court.

Based on the foregoing, Plaintiff's claim for monetary damages must be dismissed.

        C.      <u>Inadequate Medical Care</u>

Plaintiff's claims of inadequate medical care involve an alleged failure of Rutherford County Detention Center to administer medications to him which are prescribed for his various mental health conditions. (Doc. No. 1 at 7-8). Plaintiff has not alleged who in particular has failed to provide him with these medications nor has Plaintiff indicated that he made any of the named defendants aware of his need for such medication. In a § 1983 claim, Plaintiff must allege that a "person" acting under color of state law violated his constitutional rights. In this case, his right to adequate medical treatment. First, Plaintiff has not named Rutherford County Detention Center as defendant. Second, even if Plaintiff had done so, Rutherford County Detention Center is not a "person" subject to suit under Section 1983. <u>See, e.g.</u>, <u>Brooks v. Pembroke City Jail</u>, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at "persons" and the jail is not a person amenable to suit."); <u>Thomas v. Anderson City Jail</u>, 2011 WL 534392, at * 1 (D.S.C. Feb. 8, 2011) (finding that the "Anderson City Jail is an inanimate object that can not act under color of state law and therefore is not a 'person' subject to suit under 42 U.S.C. § 1983").

As Plaintiff has not identified any particular defendant that is allegedly violating his right to receive medication, this claim will likewise be dismissed for failure to state a claim upon which relief can be granted.

**IV.    CONCLUSION**

        **IT IS, THEREFORE, ORDERED** that:

        1.      Plaintiff's Application to Proceed Without Prepayment of Costs or Fees, (Doc. No. 1-5), is **GRANTED** for the purpose of this initial review.

2.    Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which

relief may be granted. 28 U.S.C. § 1915A(b)(1).


Signed: June 11, 2012

Robert J. Conrad, Jr.
Chief United States District Judge